IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WALTER D. BRYANT,
#B24993,

Petitioner,

vs.

J. HAMMERS,

Respondent.                                             Case No. 17-cv-01242-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Walter Bryant is currently incarcerated in Illinois River Correctional Center. He brings this federal habeas corpus action pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner seeks a writ of habeas corpus that upsets his 1998 conviction for first-degree murder in Marion County, Illinois. (Doc. 1, p. 1). He is currently serving a 50-year sentence for the crime. *Id.*

This matter is now before the Court for a preliminary review of the § 2254 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Petition (Doc. 1) does not survive screening under this standard.

The Petition qualifies as a "second or successive" habeas petition under

1

28 U.S.C. § 2244(b). As such, Petitioner was required to obtain permission from the Seventh Circuit Court of Appeals before filing it. *See* 28 U.S.C. § 2244(b)(3)(A). He failed to do so. Therefore, this Court lacks jurisdiction over the Petition, and it shall be **DISMISSED**.

### I. Background

Following a bench trial in 1998, Petitioner was convicted of first-degree attempted murder. (Doc. 1, p. 1). He was sentenced to 50 years of incarceration for the crime. *Id.* The state appellate court affirmed the conviction and sentence on March 21, 2000. (Doc. 1, p. 2). A Petition for Leave to Appeal (PLA) was subsequently denied by the Illinois Supreme Court. (Doc. 1, pp. 2-3).

Petitioner filed two rounds of post-conviction petitions, the first of which was dismissed by the state trial court. (Doc. 1, p. 3). The state appellate court affirmed the dismissal of the initial post-conviction petition, and the PLA was denied by the Illinois Supreme Court on October 7, 2003. *Id.* The United States Supreme Court denied the petition for writ of certiorari in March 2004. *Id.*

In 2014, Petitioner pursued federal habeas relief in this District. *See Bryant v. Gossett*, No. 14-cv-01380-DRH-CJP (S.D. Ill.) ("First § 2254 Petition"). He challenged his 1998 conviction on three grounds:

1. Trial counsel was ineffective for failing to inform Petitioner that he was subject to an extended-term sentence.

2. Petitioner's due process rights were violated because he did not knowingly and intelligently waive his right to a jury trial.

3. Petitioner did not receive a sentencing hearing regarding the imposition of an extended-term sentence or concerning

aggravating or mitigating factors.

(Doc. 1, First § 2254 Petition). A response was ordered. (Doc. 8, First § 2254 Petition). The Government sought dismissal of the First § 2254 Petition on the grounds that it was time-barred. (Doc. 16, First § 2254 Petition). This Court determined that the Petition was time-barred and that Petitioner's claim of actual innocence lacked merit. (Doc. 20, First § 2254 Petition). Accordingly, the Court dismissed the First § 2254 Petition with prejudice on June 30, 2015. *Id*.

Petitioner allegedly filed a second post-conviction petition on July 11, 2017. (Doc. 1, p. 4). In it, he requested "immediate release." *Id*. However, the petition was denied on September 26, 2017. *Id*. Petitioner states that he appealed to the highest state court having jurisdiction, but obtained no relief. *Id*.

## II. The Petition

In the instant Petition ("Second § 2254 Petition"), Petitioner once again challenges his 1998 conviction for first-degree attempted murder. (Doc. 1, pp. 1-26). He sets forth four separate grounds for relief. First, Petitioner argues that he has suffered a miscarriage of justice because none of his state or federal habeas petitions have been addressed on the merits. (Doc. 1, p. 5). Second, Petitioner claims that his prolonged incarceration violates the Eighth Amendment. (Doc. 1, p. 7). Third, Petitioner maintains that he should have prevailed on his direct appeal pursuant to *United States v. Jones*, 526 U.S. 227 (1999), because he did not receive notice that he was subject to an extended-term sentence. (Doc. 1, p. 8). Finally, Petitioner challenges his conviction pursuant to *Montgomery v.*

3

*Louisiana*, -- U.S. --, 136 S. Ct. 718 (2016). (Doc. 1, p. 10). He seeks immediate release. (Doc. 1, pp. 13-14).

### III. Discussion

A person who is convicted of a crime in state court is generally allowed to file only one petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(a). Section 2244(b)(1) explicitly states that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." *Id.* However, a second or successive petition may be used to assert certain types of claims that have not previously been presented, such as those described below:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) The applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(2)(A)-(B). Even if Petitioner's claims fall into one of the above-listed categories, he cannot bring the Second § 2254 Petition until he obtains permission from the Seventh Circuit Court of Appeals: "Before a second or successive application permitted by this section is filed in the district court, the

applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(d)(3)(A). Absent this prior authorization, the district court lacks jurisdiction to entertain a second or successive petition. *Burton v. Stewart*, 549 U.S. 147, 156-57 (2007).

Petitioner does not indicate that he made any attempt to comply with the requirements of 28 U.S.C. § 2244(b)(3)(A) before filing his Second § 2254 Petition. Court records are considered public records, and this Court can take judicial notice of them. *See also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). According to the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov), Petitioner failed to submit an application for authorization to file his Section § 2254 Petition.

Petitioner seems to suggest that the Second § 2254 Petition is not "second or successive" under § 2244(b) and therefore does not trigger any obligation under § 2244(b)(3)(A). He asserts that none of his prior petitions were decided on the merits. (Doc. 1, p. 5). However, the instant Petition still qualifies as a "second or successive habeas corpus application" under the circumstances presented by this case.

Petitioner's First § 2254 Petition was dismissed with prejudice because it was untimely. (Doc. 20, First § 2254 Petition). The Seventh Circuit has held that a prior untimely federal habeas corpus petition counts as a "prior application" for purposes of the limitations placed on second or successive petitions. *See Altman*

5

v. Benik, 337 F.3d 764, 765-66 (7th Cir. 2003). In reaching this conclusion, the Seventh Circuit explained that "a prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims." Altman, 337 F.3d at 766. In other words, the First § 2254 Petition "counted" for purposes of § 2244(b) because Petitioner could do nothing after the one-year statute of limitations expired to correct his late filing of the First § 2254 Petition. Just like Altman, Petitioner received his "one opportunity to litigate a federal collateral attack, but he failed to do it in a timely manner." Id. at 766. See also Reeves v. Lashbrook, App. No. 17-2139 (7th Cir. Sept. 28, 2017) (district court properly dismissed second or successive § 2254 petition filed by state inmate who failed to obtain prior authorization to file it under § 2244(b)(3)).

This Court does not have jurisdiction to consider Petitioner's Second § 2254 Petition, unless and until he obtains leave to file it from the Seventh Circuit Court of Appeals.

### IV. Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 225(c)(2).

Where a habeas petition is dismissed on procedural grounds without

reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Both components must be established for a certificate of appealability to issue.

In this case, it is clear that this Court lacks jurisdiction to entertain the Second § 2254 Petition. It is second or successive and was filed without prior authorization from the Court of Appeals. No reasonable jurist would find the issue debatable. Accordingly, the Court denies a certificate of appealability.

## V. Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** without prejudice.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

Judge Herndon
2018.01.22
13:11:04 -06'00'

**United States District Judge**